**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORMA ALICIA GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: 1:19-cv-1103 - JLT<br><br>ORDER GRANTING PLAINTIFF'S THIRD REQUEST FOR AN EXTENSION OF TIME<br><br>(Doc. 18) |

　　　　On May 18, 2020, the parties stipulated for Plaintiff to have an additional thirty days to file an opening brief in the action.  Notably, the Scheduling Order allows for a single extension of thirty days by the stipulation of the parties (Doc. 5 at 3), which was previously used by Plaintiff.  (Docs. 11, 12) Beyond the single extension by stipulation, "requests to modify [the scheduling] order must be made by written motion and will be granted only for good cause."  (Doc. 5 at 3) This is now the third extension requested by Plaintiff by stipulation, which the Court construes to be a motion to amend the Court's scheduling order.  (*See id.*)

　　　　Jonathan Pena, counsel for Plaintiff, asserts the additional time is necessary because "Counsel is experiencing extraordinary delays and backlogs with both the administrative and civil court work" due to the "ongoing health and safety measures recommended by the CDC" and the number of weeks the pandemic has continued.  (Doc. 18) In addition, Mr. Pena reports:

　　　　　　[T]he week of 05/10/2020, Plaintiff's Counsel had 15 administrative hearings, 14
　　　　　　hearing preparation appointments with claimants, 5 reply brief, 1 merits brief, 2

motion for summary judgments and 14 letter briefs due. The week of 05/18/2020, Plaintiff's Counsel had 11 administrative hearings, 19 hearing preparation appointments with claimant, 2 reply brief, 1 motion for summary judgement, 1 letter brief and 5 opening briefs.

(Doc. 18 at 2) Finally, Mr. Pena notes the Commissioner does not oppose the requested extension and stipulated to it on May 18, 2020.  (*Id.*)

Notably, Plaintiff's counsel was presumably aware of his schedule and obligations in other actions when seeking the prior extension of time in this action on April 17, 2020.  Thus, the Court is unable to find counsel's workload alone constitutes good cause for the requested additional extension of time, which was filed after the deadline previously ordered by the Court. *See Motley v. City of Fresno*, 2016 U.S. Dist. LEXIS 177697 at *3 (E.D. Cal. Dec. 22, 2016) ("workload considerations and the press of business will rarely constitute good cause").  Nevertheless, the Court notes Counsel also reports a reduction in staff due to the ongoing pandemic guidelines, and the Commissioner does not oppose the request.  Further, it does not appear the Commissioner would suffer any prejudice as a result of the additional extension of time.  Accordingly, the Court **ORDERS**:

1. The request for a third extension of time (Doc. 18) is **GRANTED**; and
2. Plaintiff **SHALL** file her opening brief no later than **June 17, 2020**.

IT IS SO ORDERED.

Dated:   **May 20, 2020**                     **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE