UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA ALICIA GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:19-cv-1103-JLT<br><br>ORDER GRANTING PLAINTIFF'S APPEAL (DOC. 22) AND REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF NORMA ALICIA GARCIA, AND AGAINST DEFENDANT ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY |

Norma Alicia Garcia asserts she is entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating the record and seeks review of the decision denying her application for benefits. For the reasons set forth below, the matter is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

In March 2015, Plaintiff filed an application for benefits, asserting disability due to right arm and wrist pain, high blood pressure, high cholesterol, depression, severe headaches, and diabetes. (Doc. 10-4 at 2; *see* Doc. 10-3 at 49) The Social Security Administration denied the application at the initial level and upon reconsideration. (*See generally* Doc. 10-4) Plaintiff requested an administrative hearing and testified before an ALJ on December 13, 2017. (*See* Doc. 10-3 at 49, 64) The ALJ found

Plaintiff was not disabled and issued an order denying benefits on March 15, 2018.  (*Id.* at 49-56) Plaintiff requested review by the Appeals Council, which denied the request on February 15, 2019. (*Id.* at 12-15)  Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security.

## STANDARD OF REVIEW

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion."  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).  The burden of proof is on a claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).  If a claimant establishes a prima facie case of disability,

the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to the five-step process, the ALJ first determined Plaintiff did not engage in substantial gainful activity following the alleged onset date of November 5, 2014. (Doc. 10-3 at 51) Second, the ALJ found Plaintiff's "status post right distal radius fracture" was a severe impairment. (*Id.*) The ALJ noted Plaintiff "also alleged disability due to… hyperlipidemia, diabetes mellitus, and mild lumbar degenerative disc disease." (*Id.* at 51) However, the ALJ found these conditions were "not severe impairments" because they "not cause more than a minimal limitation of physical or mental ability to basic work." (*Id.* at 51-52) At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (*Id.* at 52) Next, the ALJ found:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: She can lift fifty pounds occasionally and twenty-five pounds frequently[;] stand, walk, and/or sit for six out of eight hours. She can occasionally climb ladders, ropes, or scaffolds and frequently crawl. She can frequently push and pull with the right upper extremity. She can only occasionally overhead reach with the right upper extremity. She is limited to frequent handling and fingering with the right upper extremity.

(*Id.* at 52) With this residual functional capacity, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as a day worker and as an animal attendant." (*Id.* at 55) Thus, the ALJ concluded Plaintiff was not disabled from November 5, 2014, through the date of the decision. (*Id.* at 56)

///

# DISCUSSION AND ANALYSIS

Plaintiff asserts the ALJ erred at Step Two in finding her "lumbar degenerative disc disease was a non-severe impairment," and not including limitations for the impairment in her residual functional capacity. (Doc. 22 at 8, emphasis omitted) In addition, Plaintiff argues the ALJ erred in rejecting the forward reaching limitation identified by Dr. Rios. (*Id.* at 11-13) The Commissioner asserts the "final decision is supported by substantial evidence and is in accordance with the law." (Doc. 24 at 12)

## A.    New Evidence before the Appeals Council

As an initial matter, in arguing that the ALJ erred at step two, Plaintiff asserts "new and material evidence was submitted to the Appeals Council that would have rendered the ALJ's decision unsupported by substantial evidence." (Doc. 22 at 8) However, Plaintiff does not specifically address the findings of the Appeals Council related to the additional evidence, which was not exhibited by the Appeals Council. (*See id.* at 10-11; *see also* Doc. 10-3 at 13)

The Regulations govern when Appeals Council is obligated to review additional evidence submitted after the ALJ issues a decision. *See* 20 C.F.R. §§ 404.970, 416.1570 (effective January 17, 2017). The Regulations indicate that the Appeals Council "will review a case if ... the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Evidence is new if it is not duplicative or cumulative. *Meyer v. Astrue*, 662 F.3d 700, 704-05 (4th Cir. 2011). In addition, evidence can be deemed new if it was not available when the ALJ made issued the decision. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

### 1.    Consideration of evidence

The Ninth Circuit has distinguished between evidence the Appeals Council "considered" and evidence the Appeals Council merely "looked at" to determine whether the additional evidence was incorporated into the record. The Court explained that evidence the Appeals Council *considered* becomes part of the administrative record as "evidence upon which the findings and decision complained of are based." *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). In contrast, where "the Appeals Council only *looked* at the evidence... the new evidence did not

become part of the record." *Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) (emphasis added); *see also De Orozco v. Comm'r of Soc. Sec.*, 2019 WL 2641490 at*11 (E.D. Cal. June 26, 2019) (observing that the Ninth Circuit distinguished between instances where the Appeals Council formally considered evidence and made it part of the administrative record with instances where the Appeals Council only looked at the evidence). Importantly, where the Appeals Council only looks at the evidence and it does not become part of the administrative record, the Court "may not consider it." *Amor*, 743 F. App'x at 146; *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

The Appeals Council noted Plaintiff submitted additional evidence, which the Appeals Council reviewed and stated:

> You submitted Medical Records from Lasalle Medical Associates IPA, dated November 28, 2017- January 19, 2018, 5 Pages.  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence.
>
> You submitted Medical Records from Lasalle Medical Associates IPA, dated May 10, 2018-December 9, 2018, 6 Pages.  The Administrative Law Judge decided your case through March 15, 2018.  This additional evidence does not relate to the period at issue.  Therefore, it does not affect the decision about whether you were disabled beginning on or before March 15, 2018.

(Doc. 10-3 at 13) Because the Appeals Council did not *consider* the evidence but merely looked at it, the documents submitted were not incorporated into the administrative record subject to the Court's review, unless Plaintiff carries the burden to demonstrate the evidence should have been considered. *See Amor*, 743 F. App'x at 146; *Lowry*, 329 F.3d at 1024.

2. Plaintiff's burden with new evidence

When the Appeals Council fails to "consider" additional evidence that satisfies the requirements of Section 404.970(b) or 416.1570(b), a remand for further administrative proceedings is appropriate. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). A claimant has the burden to demonstrate the evidence should have been considered by the Appeals Council under the Regulations.  *See Hawks v. Berryhill*, 2018 WL 6728037 at *4 (M.D.N.C. Dec. 21, 2018) (noting under the amended Regulations, "a claimant's burden to have new evidence considered for the first time at the Appeals Council level" includes "a requirement to show a reasonable probability of a different outcome").

Plaintiff contends the evidence submitted shows "she was experiencing increasing back pain with radiating numbness and tingling in July 2017 and ultimately underwent facet injections." (Doc. 22 at 10-11, citing AR 25, 102 [Doc. 10-3 at 26, 103])  Plaintiff asserts this evidence "predates the ALJ's decision and demonstrates a worsening in Plaintiff's lumbar back pain requiring more intensive treatment." (*Id.*)  According to Plaintiff, "[t]his evidence is material because it creates a reasonable possibility that the outcome of the case would be different." (*Id.*, citing *Staley v. Massanari*, 17 F. App'x 609, 610 (9th Cir. 2001))  She contends the cited additional evidence "clearly demonstrates a severe impairment and would alter the outcome of Plaintiff's case." (*Id.*)

Significantly, the new evidence cited by Plaintiff does not address the effect of her degenerative disc disease and back pain upon her physical ability to do most jobs, or physical functional limitations identified by a physician.  (*See* Doc. 10-3 at 26, 103 [AR 25, 102])  Further, because Plaintiff testified at the administrative hearing that she had physical therapy and received two injections for her back (Doc. 10-3 at 74-75), there was evidence before the ALJ related to the treatment Plaintiff received for back pain, and the additional evidence before the Appeals Council does not provide new treatment information.  Consequently, the Appeals Council did not err in concluding Plaintiff failed to carry the burden to show "a reasonable probability that it would change the outcome of the decision." *See Nottoli v. Astrue*, 2011 WL 675290, at *3 (E.D. Cal. Feb. 16, 2011) ("recitation of a medical diagnosis does not demonstrate how that condition impacts plaintiff's ability to engage in basic work activities").

Because Plaintiff fails to show the additional evidence was "new, material, and relates to the period on or before the date of the hearing decision" and there was "a reasonable probability that the additional evidence would change the outcome of the decision," she fails to demonstrate error by the Appeals Council in merely looking at the evidence and not incorporating it as exhibits into the administrative record. *See* 20 C.F.R. §§ 404.970, 416.1570.

**B.   Step Two of the Sequential Evaluation**

The inquiry at step two is a *de minimus* screening "to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).  The purpose is to identify claimants whose medical impairment makes it unlikely they would be disabled even if age, education, and experience are considered. *Bowen*, 482 U.S. at 153. A claimant

6

must make a "threshold showing" that (1) she has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *Id.* at 146-47; *see also* 20 C.F.R. § 404.1520(c). Thus, the burden of proof is on the claimant to establish a medically determinable severe impairment that significantly limits her ability to do basic work activities, or the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(a).

### 1. Medically determinable impairment

The Ninth Circuit determined a diagnosis from an acceptable medical source is a prerequisite to a finding that a medically determinable impairment exists, and symptoms by themselves are not sufficient to establish such an impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005). The ALJ noted Plaintiff had an MRI of her lumbar spine, which showed lumbar degenerative disc disease. (*See* Doc. 10-3 at 51)  Thus, Plaintiff established a medically determinable impairment in her lumbar spine.

### 2. Severity of Plaintiff's impairment

Plaintiff must next establish her impairment was severe. *See Bowen*, 482 U.S. at 153 (1987); 20 C.F.R. § 416.920(c). The Regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities "include… physical functions such as walking, standing, sitting, lifting, and carrying." *Id.*, §§ 404.1521(b), 416.921(b).

Plaintiff contends the ALJ erred in finding her impairment was not severe, and "failed to address Plaintiff's treatment for low back pain, observable symptoms, and subjective pain complaints in making this finding." (Doc. 22 at 8)  Specifically, Plaintiff asserts, "ALJ failed to consider that Plaintiff's back pain required a prescription for baclofen and physical therapy." (*Id.*, citing AR 543-544, 468 [Doc. 10-12 at 66-67; Doc. 10-11 at 18])  In addition, she notes she "exhibited L5 paraspinal tenderness" upon examination. (*Id.*, citing AR 540 [Doc. 10-12 at 63])  However, no physician identified any functional limitations resulting from her back impairment, and Plaintiff does not identify any objective evidence that her back pain affected her ability to perform basic work activities. The Ninth Circuit determined that "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).  In other words, a medical diagnosis

alone does not make an impairment qualify as "severe." *See Nottoli*, 2011 WL 675290, at *3 (the claimant's medical diagnosis alone fails to show what effect, if any, there is upon the claimant's ability "to engage in basic work activities").

### 3. Plaintiff's back impairment and the RFC

Plaintiff contends the ALJ erred by "omitting functional limitations from the Residual Functional Capacity" related to her degenerative disc disease and back pain. (Doc. 22 at 9) Importantly, as discussed above, Plaintiff fails to identify any specific functional limitations related to her back impairment, whether addressed in her testimony or the medical record, that she believes should have been incorporated into the residual functional capacity by the ALJ. The Court is unable to speculate as what limitations Plaintiff believes the ALJ should have incorporated into RFC. *See Valentine v. Astrue,* 574 F.3d 685, 692 n.2 (9th Cir. 2009); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (noting the Court "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant'"); *Champagne v. Colvin*, 582 F. App'x 696, 697 (9th Cir. 2014) (rejecting the assertion of error where the claimant "identified no additional medically necessary limitation that should have been included in the residual functional capacity").

Previously, the Ninth Circuit "reject[ed] any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way" where "the RFC include[d] several physical limitations." *See Valentine*, 574 F.3d at 692 n.2. In *Valentine*, the claimant asserted the ALJ failed to account for his knee and shoulder injuries in the RFC yet failed to identify "what other physical limitations follow[ed] from the evidence of his knee and shoulder injuries, besides the limitations already listed in the RFC." *Id*. Similarly here, the RFC included physical limitations—including limitations with lifting, carrying, sitting six hours, standing up to six hours, and many postural limitations (Doc. 10-3 at 52)—and Plaintiff fails to identify specific functional limitations she believes should have been incorporated in the RFC related to her back impairment.

Likewise, district courts throughout the Ninth Circuit determined failure to identify specific limitations that should have been incorporated into a residual functional capacity is fatal to a claimant's challenge of the ALJ's findings. *See, e.g.*, *Noel V. v. Saul*, 2020 WL 996789 (C.D. Cal. Feb. 28, 2020) (finding the plaintiff failed to show error by the ALJ where the plaintiff did not "detail what physical

8

limitations follow from the medical evidence besides the limitations already listed in the RFC"); *Hansen v. Berryhill,* 2018 U.S. Dist. LEXIS 19489 (W.D. Wash. Feb. 6, 2018) ("Although Plaintiff argues that the ALJ erred in failing to account for the limitations caused by his ADHD in the RFC assessment, he does not identify which limitations were erroneously omitted, and has thus failed to state an allegation of error"); *Thomas v. Comm'r of SSA*, 2015 U.S. Dist. LEXIS 99338 at *21 (Dist. Or. Jul 30, 2015) ("Plaintiff does not cite to evidence of physical limitations stemming from these impairments beyond those already listed in his RFC.  Without more specific information on how these conditions hinder Plaintiff, the Court declines to find the ALJ failed to account for Plaintiff's limitations").  Because Plaintiff fails to identify evidence of specific functional limitations related to her back pain, she also fails to show error related to her back impairment and the RFC determination.

**B.     Evaluation of the Medical Evidence**

In this circuit, the courts distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In general, the opinion of a treating physician is afforded the greatest weight.  *Id.*; *see* 20 C.F.R. § 404.1527(d)(2); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Further, an examining physician's opinion is given more weight than the opinion of non-examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

An opinion is not binding upon the ALJ and may be discounted whether or not another physician contradicts the opinion.  *Magallanes*, 881 F.2d at 751.  An ALJ may reject an *uncontradicted* opinion of a treating or examining medical physician only by identifying a "clear and convincing" reason.  *Lester*, 81 F.3d at 831.  In contrast, a *contradicted* opinion of a treating or examining physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record."  *Id.*, 81 F.3d at 830.  When there is conflicting evidence, "it is the ALJ's role to determine credibility and to resolve the conflict."  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  The Court must uphold the ALJ's resolution of the conflict when there is "more than one rational interpretation of the evidence."  *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support

either outcome, the court may not substitute its judgment for that of the ALJ").

Plaintiff asserts the ALJ erred in rejecting the reaching limitation identified by Dr. Rios, an examining physician. (Doc. 24 at 11-13) Because the opinion was contradicted by state agency medical consultants (*see* Doc. 12-3 at 54), the ALJ was required to identify specific and legitimate reasons for rejecting the opinion of Dr. Rios. *See Lester*, 81 F.3d at 831.

1. Opinions of Dr. Rios

On September 18, 2015, Dr. Tomas Rios performed a comprehensive internal medicine evaluation. (Doc. 10-10 at 66) Plaintiff's chief complaints were chronic pain in her right shoulder and arm, as well as high blood pressure. (*Id.*) She reported suffering "a slip-and-fall accident in November 2014," which resulted in "a nondisplaced fracture of the right distal radius." (*Id.*) Plaintiff "also developed frozen shoulder on the right." (*Id.*) In addition, Dr. Rios noted Plaintiff "report[ed] history of chronic back pain… at the cervical and lower paralumbar region." (*Id.*)

Dr. Rios observed that Plaintiff carried her right arm "in slight antalgic posture," but "[s]he was able to pick objects from the table with her right hand without any significant difficulties." (Doc. 10-10 at 67) Upon examination, Dr. Rios found Plaintiff's range of motion was as follows:

> SHOULDER JOINTS: Right shoulder forward flexion 0-130 degrees, extension 0-30 degrees, abduction 0-130 degrees, adduction 0-20 degrees, internal rotation 0-70 degrees, and external rotation 0-80 degrees. Left shoulder forward flexion 0-150 degrees, extension 0-40 degrees, abduction 0-150 degrees, adduction 0-30 degrees, internal rotation 0-80 degrees, and external rotation 0-90 degrees.
>
> ELBOW JOINTS: Flexion-extension 0-150 degrees, supination 0-80 degrees, and pronation 0-80 degrees bilaterally.
>
> WRIST JOINTS: Extension 0-60 degrees, flexion 0-60 degrees, radial deviation 0-20 degrees, and ulnar deviation 0-30 degrees bilaterally.

(*Id.* at 68-69) Dr. Rios noted Plaintiff exhibited "residual pain on the right shoulder region with limited range of motion" and "tenderness on the right forearm." (*Id.* at 69) Further, Dr. Rios opined Plaintiff's "range of motion at the elbow and wrist [was] preserved." (*Id.*) Plaintiff's motor strength was "5/5 throughout the upper and lower extremities with the exception of the right shoulder." (*Id.*)

Dr. Rios opined Plaintiff had no limitations with sitting, standing, and walking. (Doc. 10-10 at 69-70) He believed Plaintiff had no limitations with manipulative activities with her left arm. (*Id.*) Dr. Rios concluded Plaintiff could "only perform occasional reaching overhead and reaching forward,

and frequent handling" with her right arm. (*Id.* at 70) He found "no limitation on fingering and feeling." (*Id.*)

### 2. The ALJ's evaluation of the opinions

Addressing the medical evidence, the ALJ indicated the opinion of Dr. Rios was "given partial weight." (Doc. 10-3 at 55) The ALJ explained the weight given as follows:

> Physical examinations did show some lasting effects, but they were generally limited to a decreased range of motion in the wrist and shoulder (Exhibits 2F/8-9, 15; 3F/3-5; and 5F/5-6). However, Dr. Rios' opinion is overly restrictive regarding reaching forward. The claimant testified she performed household chores such as cleaning the bathroom and tub, and examinations, while showing some decreased range of motion, did not usually show limits with forward flexion [](Exhibits 2F/8-9, 15; 3F/3-5; and 5F/5-6). Even the consultative examiner noted the claimant could forward flex to 130 degrees (Exhibit 6F/4-6).

(*Id.* at 54-55) Plaintiff argues the ALJ failed to identify any "specific, legitimate reasons for rejecting [the] opinion" that Plaintiff had limited ability to reach forward with her right arm. (Doc. 22 at 13)

#### a. Level of activity

The Ninth Circuit determined an ALJ may reject an opinion when the physician sets forth restrictions that "appear to be inconsistent with the level of activity that [the claimant] engaged in." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *see also Fisher v. Astrue*, 429 Fed. App'x 649, 652 (9th Cir. 2011) (concluding the ALJ set forth specific and legitimate reasons for rejecting a physician's opinion where limitations identified by the doctor conflicted with the claimant's daily activities). For example, in *Rollins,* the Court held the ALJ permissibly rejected the treating physician's opinion that a claimant was precluded "from engaging in *any* bending, stooping, crouching, crawling, kneeling, climbing, and balancing." *Id*. (emphasis in original) The court observed the claimant never asserted any problem with many activities identified by the physician, and the limitations were inconsistent her level of activity, including "maintaining a household and raising two young children, with no significant assistance from her ex husband." *Id.*

Though the ALJ indicated Plaintiff "performed household chores such as cleaning the bathroom and tub" (Doc. 10-3 at 54), the ALJ did not acknowledge the extent of difficulty that Plaintiff stated she had with chores—or the fact that she "hardly" used her right arm to reach into the refrigerator. Specifically, Plaintiff testified she performed chores "very slowly" and took "a long time" due to her

pain. (Doc. 10-3 at 71)  She explained that when she cleans the restroom, she will "put [down] two cushions to clean the bathtub," and it took a while to stand. (*Id.*)  Plaintiff said she was unable to clean windows due to pain with her right arm. (*Id.* at 78)  Plaintiff said she struggled to bend over and pick something up off the floor. (*Id.* at 72)  She estimated she could lift and carry about ten pounds, and said her husband accompanied her with grocery shopping and helped "with the heavier things." (*Id.*)  Further, Plaintiff reported she "hardly" used her right arm to reach into the refrigerator. (*Id.* at 79)

The ALJ fails to explain how Plaintiff's activities are inconsistent with the limitation to occasional forward reaching identified by Dr. Rios.  The ALJ makes no finding that Plaintiff performs household chores on a sustained basis, or that the chores require reaching on a more than "occasional" basis. (*See* Doc. 10-3 at 54)  Consequently, the ALJ erred in rejecting the forward reaching limitation identified by Dr. Rios on the grounds that it was inconsistent with Plaintiff's level of activity. *See Ghanim*, 763 F.3d at 1162-63 (finding a claimant's ability to "perform basic chores" was "not an adequate evidentiary basis to reject the opinion" of a physician); *Pickard v. Comm'r of Soc. Sec.,* 2018 WL 1211061, at *4 (E.D. Cal. Mar. 8, 2018) (finding the ALJ erred "because the activities described are not inconsistent with [the] claimed limitations"); *see also Diedrich v. Berryhill,* 874 F.3d 634, 643 (9th Cir. 2017) (finding participation "in some daily activities does not contradict the evidence of otherwise severe problems").

        *b.*    *Inconsistency with medical record*

An ALJ may reject the opinions of a physician where the opinions are inconsistent with the overall record. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999).  However, to reject an opinion as inconsistent with the physician's notes or medical record, the "ALJ must do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  To reject an opinion as contradicted by the medical record, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and mak[e] findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  The Ninth Circuit explained: "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required." *Embrey*, 849 F.2d at 421-22.

Notably, the exhibits cited by the ALJ do not support her assertion that the medical records "show[] some decreased range of motion, [but] did not usually show limits with forward flexion." For example, the ALJ referred to pages 8-9 of Exhibit 2F, which indicated Plaintiff had "decreased internal and external range of motion" in her right shoulder, as well as "decreased range of motion with abduction/adduction, and 90 [degree] flexion." (Doc. 10-10 at 9) As a result of her reported pain in the "joint, forearm," Plaintiff was referred to physical therapy. (*Id.* at 10) In pages 3-5 of Exhibit 3F, the treatment record indicates Plaintiff was "unable to flex or extend fingers all the way" and had "decreased range of motion with wrist rotation and lower arm supination and pronation." (*Id.* at 40) Finally, in the cited pages of Exhibit 5F, the record indicates Plaintiff had "minimal improvement" with physical therapy, but continued to show "limited active and passive [range of motion]" with her right shoulder, and she was limited "to only 80 to 90 degrees" with elevation. (*Id.* at 57) Importantly, the ALJ fails to explain how these findings are inconsistent with a limitation to occasional forward reaching with the right arm. Thus, the purported inconsistencies in Exhibits 2F, 3F, and 5F do not support the ALJ's decision to reject the limitation identified by Dr. Rios.

Similarly, the ALJ failed to explain how the findings from the consultative examination were inconsistent with the limitation identified. The ALJ noted Dr. Rios found Plaintiff "could forward flex to 130 degrees" with her right arm (Doc. 10-3 at 55) but failed to address the fact that this degree of forward flexion was reduced compared to her left arm. (*See* Doc. 10-10 at 68-69) The ALJ also failed to explain how Plaintiff's ability to forward flex with her right shoulder was inconsistent with the conclusion that she could reach forward only occasionally.

Because the ALJ failed to explain how the cited medical evidence was inconsistent with the forward reaching limitation identified by Dr. Rios, her conclusions regarding the conflict with the medical record are not sufficient. *See Embrey*, 849 F.2d at 421; *see also Kapesi v. Berryhill*, 2017 WL 1217083 at *7 (C.D. Cal. Mar. 30, 2017) (finding the ALJ's reasoning was deficient where the ALJ did not "explain how the evidence was inconsistent with [the physician's] opinion"); *Arellano v. Astrue*, 2013 WL 1129479 at *5 (D. Colo. Mar. 18, 2013) (reversing and remanding the opinion, because the ALJ "fail[ed] to explain how the medical evidence she listed is contradictory to [the physician's] opinion, beyond her own lay opinion"). Thus, this factor does not support the ALJ's decision to reject

the forward reaching limitation identified by Dr. Rios.

**C.     Remand is Appropriate**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v*, 80 F.3d at 1292. In addition, an award of benefits is directed where no useful purpose would be served by further administrative proceedings, or where the record is fully developed. *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

The ALJ failed to identify legally sufficient reasons for rejecting the occasional reaching limitation identified by Dr. Rios. This error is not harmless, as Plaintiff's past relevant work requires reaching on a frequent basis, and she may be precluded from such work if the limitation were adopted. *See* DICOT 301.687-014 (day worker), 1991 WL 672654; DICOT 410.674-010 (animal caretaker), 1991 WL 673401. Because the ALJ failed to resolve the conflicts in the record regarding Plaintiff's reaching limitations, the matter should be remanded for the ALJ to re-evaluate the evidence. *See Moisa*, 367 F.3d at 886. Thus, the Court finds remand is appropriate for further proceedings is appropriate.

## CONCLUSION AND ORDER

For the reasons set for above, the Court finds the ALJ erred in evaluating the medical record and rejecting a physical limitation identified by the consultative examiner. Because the ALJ failed to apply the proper legal standards, the decision cannot be upheld. *See Sanchez*, 812 F.2d at 510. Accordingly, the Court **ORDERS**:

1.     Plaintiff's appeal of the decision denying benefits (Doc. 22) is **GRANTED**;

2.     The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further

proceedings consistent with this decision; and

3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Norma Alicia Garcia, and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **January 22, 2021**          **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE